VINCENT ET AL., APPELLEES, v. ELYRIA BOARD OF EDUCATION,
APPELLANT.

[Cite as Vincent v. Elyria Bd. of Edn., 7 Ohio App. 2d 58.]

(No. 1709—Decided June 22, 1966.)

*Messrs. Lucas, Prendergast, Albright & Warren* and *Mr. John A. Brown,* for appellees.
*Messrs. Horan, Ashenbach & Tattersall,* for appellant.

DOYLE, P. J. The question presented in this case is whether the Legislature of the state has the power to impose upon the

Board of Education of the city of Elyria the obligation to pay its non-teaching employees in excess of an agreed compensation on a yearly basis, as incorporated in the board's annual budget, for hours of work performed in excess of forty hours per week, where the non-teaching employees have agreed to work on a yearly basis under a salary schedule based partly on the fact that the operation and maintenance of school property may require such employees to work in excess of forty hours.

From the evidence, it appears that: the employment of the non-teaching employees with the board of education under a non-written agreement was for the year commencing July 1, 1963, and terminating June 30, 1964; under the employment, duties were assigned to the workers in the several classifications; and their hours of work were considered in setting their salary scales. Cafeteria employees, bus drivers, and clerical employees were not required to work in excess of forty hours, but employees in the classifications of custodian and maintenance were required to work in excess thereof. Twenty of the fifty employees were in the classified service while the remaining thirty were unclassified.

Effective as of September 16, 1963 (a time subsequent to the commencement of the employment), Section 3319.086, Revised Code, became a part of the statutory law of the state. It reads:

"In all school districts, forty hours shall be the standard work week for all non-teaching school employees. Such employees shall not be required to work on days declared by the employing board of education as school holidays unless failure to work on such holidays would impair the public service. Where such employees are required by their responsible administrative superiors to work in excess of forty hours in any seven day period or to work on days declared by the employing board of education to be school holidays, they shall be compensated for such time worked at not less than their regular rate of pay, or be granted compensatory time off. As used in this section, 'non-teaching school employees' does not include any person employed in the public schools of the state in any administrative or supervisory capacity in connection with the services rendered by non-teaching school employees.

"Nothing in this section shall prevent the school district from establishing a work week of less than forty hours."

Six of the non-teaching employees instituted this action in the Court of Common Pleas of Lorain County in which they sought a declaratory judgment adjudicating their rights under Section 3319.086, Revised Code, and that they "be held to be entitled to their regular rate of pay based on working a standard work week of forty (40) hours rather than forty-four (44) or fifty (50) hours as required by the defendant, and further that plaintiffs be compensated at their regular rate of pay for all hours worked in excess of forty (40) hours in any seven day period or on days declared by law to be holidays or be granted compensatory time off and for such other and further relief to which plaintiffs may be justly entitled."

The board of education, by answer, denied that the statute applies to the plaintiffs during the school year and asked that it not be applied during the period of time in controversy.

Pursuant to hearing, the Court of Common Pleas entered its judgment finding that "all non-teaching school employees of the * * * board of education are entitled under Ohio Revised Code Section 3319.086 to be compensated for all time worked in excess of 40 hours in any 7 day period or on days declared by the * * * board of education to be school holidays beginning September 16, 1963, at not less than their regular rate of pay or be granted compensatory time off."

From the judgment entered the board of education has appealed to this court.

It is chiefly argued that the legal effect of interpreting Section 3319.086, Revised Code, in favor of the employees would be to impair the obligation of the employment contract.

Section 10, Article I of the Constitution of the United States, insofar as pertinent, is: "No state shall * * * pass any * * * law impairing the obligation of contracts * * *."

Section 28, Article II of the Constitution of Ohio provides, in pertinent part: "The General Assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts * * *."

Section 34, Article II of the Constitution of Ohio reads: "Laws may be passed fixing and regulating the hours of labor, establishing a minimum wage, and providing for the comfort,

health, safety and general welfare of all employees; and no other provision of the Constitution shall impair or limit this power."

Assuming, for the purposes of this decision, that a valid contract existed between the employees and the board of education and that the obligations of the contract would be actually impaired by the enforcement of the statute (Section 3319.086, Revised Code), nevertheless, Section 34 of Article II of the Ohio Constitution has declared the public policy of this state in respect to hours of labor and wages for work in excess of forty hours per week and specifically authorizes legislation of the kind here under consideration; and, as a consequence, the provisions of the state and federal Constitutions inhibiting laws impairing the obligation of contracts do not affect this power of the state to enact legislation directed to establishing the "comfort, health, safety and general welfare of all employees."

In respect to the Constitution of the United States, it is a matter of general recognition that, "the police power of the state is not granted by or derived from but exists independently of the federal Constitution" (10 Ohio Jurisprudence 2d 421, Constitutional Law, Section 346, and cases therein cited), and that the constitutional prohibition against state laws impairing the obligation of contracts does not affect the power of the state to protect the public health, public safety, and public morals, as well as to promote public convenience, general prosperity or welfare, and (as provided in the Ohio constitution) the "general welfare of all employees."

The Constitution of Ohio specifically provides for laws regulating hours and wages for workmen, which is ample authority for the statute in question. But even without such a constitutional provision "the presumption is that when contracts are entered into it is with the knowledge that the parties cannot, by making agreements on subjects involving the rights of the public, withdraw such subjects from the police power of the Legislature." *City of Akron* v. *Public Utilities Commission*, 149 Ohio St. 347, at pp. 355, 356.

The judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

BRENNEMAN and HUNSICKER, JJ., concur.